IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL HAWN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-91 |
| | ) | |
| JEFFREY BEARD, Secretary, PA | ) | Judge Gary L. Lancaster/ |
| Department of Corrections; WILLIAM | ) | Magistrate Judge Amy Reynolds Hay |
| STICKMAN, Western Region Deputy | ) | |
| Secretary, PA Dept. Of Corr.; CATHERINE | ) | |
| McVEY, Chairman, PA Board of Probation | ) | |
| and Parole; LAWRENCE MURRAY, | ) | |
| Board Secretary, PA Board of Probation | ) | |
| and Parole; MR. PARKER, Board Member, | ) | |
| PA Board of Probation and Parole; MR. | ) | |
| WEBSTER, Board Member, Pennsylvania | ) | |
| Board of Probation and Parole; PAUL | ) | |
| STOWITZKY, Superintendent; DEBRA | ) | |
| SAUERS, Deputy Superintendent; | ) | |
| EDWARD PAVLICK, Unit Manager; | ) | |
| GEORGE MESAROS, Counselor; | ) | |
| MAURICE DAVIS, Counselor; SUE | ) | |
| KELLY, Unit Manager; BARBARA | ) | |
| PALLADINO, Psychologist; MARIANNE | ) | |
| SNIDER, Institution parole Supervisor; | ) | |
| BYRON BROCKLEHURST, Unit Manager | ) | |
| Names of all people the suit is against, | ) | |
| individually and in their official capacities, | ) | |
| | ) | |
| Defendants | ) | |

**REPORT AND RECOMMENDATION**

**RECOMMENDATION**

It is recommended that the Defendants' Motion to Dismiss be granted and that the complaint be dismissed for failure to state a claim upon which relief can be granted or, in the

alternative, that the complaint be dismissed sua sponte pursuant to the PLRA as frivolous or malicious because it is duplicative.

**REPORT**

Michael Jay Hawn ("Plaintiff"), a convicted sex offender, was denied parole by the Pennsylvania Board of Probation and Parole. He alleges that this denial deprived him of his rights to, *inter alia*, substantive due process because the denial was based in part on a false report so as to prevent Plaintiff from making parole and also was the result of a conspiracy between the Department of Corrections officials and the Parole Board to keep him in prison longer and was done in retaliation for filing an early request for parole review as is his right. Because his civil rights suit necessarily calls into question his custody pursuant to the Parole Board's denial of his parole, and he has not shown that such custody has previously been called into doubt, he is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), from proceeding with this civil rights suit.

### A. Relevant Procedural and Factual History

Plaintiff, proceeding pro se and in forma pauperis, Dkt. [2], executed a civil rights complaint on January 12, 2007, alleging violations of his federal Constitutional rights. Dkt. [3]. In that complaint, he attacked the September 25, 2006 Parole Board's denial of parole. In the complaint, Plaintiff sought as a remedy "immediate release w/o parole," and monetary damages. Dkt. [3] at 3.

Previously, on November 1, 2006, Plaintiff had executed a civil rights complaint in the case of Hawn v. Pavlik, No. 07-CV-110 (W.D. Pa.) ("the Pavlik case"), which was nearly identical to the complaint executed in the case at hand and which named nearly the identical

defendants.[1] In the Pavlik case, the Court dismissed the complaint sua sponte pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA") for failure to state a claim upon which relief could be granted. The Court in the Pavlik case reasoned that Plaintiff's complaint was attacking the validity of the Parole Board's denial of parole on September 25, 2006, and because such an attack would necessarily call into question Plaintiff's continued confinement, and because Plaintiff had not met the conditions of Heck v. Humphrey, his complaint had to be dismissed. Hawn v. Pavlik, No. 07-CV-110 (W.D. Pa. Dkt. Nos. 4 & 5).

The Defendants in the case at hand filed a motion to dismiss the complaint, Dkt. [22], based on the reasoning of the Pavlik case. Plaintiff filed a brief in opposition. Dkt. [23].

**B. Applicable Legal Principles**

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must, as a general rule, accept as true all factual allegations of the Complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266

---

1. Although the complaint in the Pavlik case was signed on November 1, 2006, inexplicably, the Clerk's office did not file the case until January 30, 2007, with a notation on the docket that the documents were received on November 6, 2006. In the case at hand the complaint was signed on January 12, 2007, and the case was filed on January 24, 2007.

F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001).  Nor must the Court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6).  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).  In addition, the Court of Appeals in Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), held that "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007).  Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

In addition, because Plaintiff is a prisoner proceeding in forma pauperis, the screening provisions of the Prison Litigation Reform Act ("PLRA") found at 28 U.S.C. § 1915(e)[2] apply. Furthermore, because Plaintiff is a prisoner who has brought an action seeking redress from a governmental entity or employees of a governmental entity, the PLRA screening provisions of 28 U.S.C. § 1915A apply.[3] Pursuant to these screening provisions, a court is obliged to sua sponte dismiss complaints that are frivolous, malicious or that fail to state a claim upon which relief can be granted at any point in the litigation process. The court's obligation to dismiss a complaint

---

2. 28 U.S.C. §1915(e)(2) provides in relevant part that

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case **at any time** if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

(emphasis added).

3. 28 U.S.C. § 1915A provides in relevant part that

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, **as soon as practicable** after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

(emphasis added). To the extent that the report relies on any grounds not raised by the motion to dismiss, this was as soon as practicable for the court to perform its screening function under Section 1915A.

under the PLRA screening provisions is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, or, if a defendant did not even file such a motion to dismiss, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez.

**C. Discussion**

As Defendants point out, the complaint in the case at hand and the complaint in the Pavlik case are substantially identical.[4] Moreover, Defendants point out that for the very same reasons that the complaint was dismissed in the Pavlik case, the complaint should be dismissed in the case at hand. This court agrees. For the reasons stated in the report and recommendation filed in the Pavlik case, a copy of which is attached hereto, the complaint in the case at hand should be dismissed. Namely, because Plaintiff's claims in the instant suit would necessarily call into question his continued confinement, he cannot proceed with this case until and unless he has demonstrated that he has satisfied the conditions of Heck. As he fails to demonstrate such, yet alone argue that he has, the complaint should be dismissed for failure to state a claim upon which relief can be granted.

Nothing that Plaintiff states in his brief in opposition renders the rule of Heck inapplicable herein.[5] Accordingly, the complaint should be dismissed based upon the Heck bar.

---

4. See Dkt. [22] at 2 to 3 n. 1 (which recounts some of the minor differences).

5. Plaintiff does make one statement that should be addressed. Plaintiff claims that the "case is not stipulated under prison conditions under § 1983 but under the Pennsylvania Code[.]" Dkt. 23 at 2, ¶ 4. To the extent that Plaintiff intends to argue that this case is not predicated upon the civil rights statute, i.e., that this is not a civil action within the contemplation of Heck, Plaintiff is mistaken. Although,
(continued...)

In the alternative, the complaint at hand should be dismissed, sua sponte pursuant to the screening provisions of the PLRA, as frivolous or malicious because it is substantially duplicative of the complaint filed in the Pavlik case. The rule is that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997)(quotation marks and alteration omitted).

Accordingly, for either of the two reasons, i.e., the Heck bar or the duplicative nature of the suit, the case should be dismissed.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, to wit, objections are due on _____ and any response is due on _____. Failure to timely file objections may constitute waiver of any appellate rights.

                                        Respectfully submitted,

                                        */s/ Amy Reynolds Hay*

---

5. (...continued)
Plaintiff does not specifically invoke the Civil Rights Act, 42 U.S.C. § 1983, because he is seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir. 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

7

United States Magistrate Judge

Dated: 27 February, 2008

cc:	The Honorable Gary L. Lancaster
	United States District Judge

	Michael Hawn
	BU-7266
	SCI Rockview
	Box A
	Bellefonte, PA 16823-0820

	Mary Lynch Friedline
	Deputy Attorney General
	by Notice of Electronic Filing